**UNITED STATES of America, Plaintiff–Appellee,**

v.

**William Harvey STROUD, a.k.a. William Stroud, Defendant– Appellant.**

**No. 15–50182.**

United States Court of Appeals, Ninth Circuit.

Submitted April 26, 2016.*

Filed April 29, 2016.

Peter Ko, Assistant U.S., Mandy L. Griffith, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff– Appellee.

Robert H. Rexrode, III, Law Offices of Robert H. Rexrode, San Diego, CA, for Defendant–Appellant.

Before: McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

**MEMORANDUM ***

William Harvey Stroud appeals from the district court's judgment and challenges the 48–month sentence imposed following his guilty-plea conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdic-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion under 28 U.S.C. § 1291, and we affirm.

Stroud contends that the district court erred by refusing to consider a relevant sentencing factor, namely his mental infirmities, when it denied the parties' requests for a departure or variance. We review for plain error, *see United States v. Valencia–Barragan,* 608 F.3d 1103, 1108 (9th Cir.2010), and find none. Contrary to Stroud's contention, the record shows that the district court considered his mental infirmities, granted a minor-role reduction to account for his limitations, and then simply concluded that the circumstances did not warrant a departure under U.S.S.G. § 5K2.13 or a variance. *See Rita v. United States,* 551 U.S. 338, 358, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). Moreover, the sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the nature of the offense and Stroud's intellectual limitations. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); *United States v. Blixt,* 548 F.3d 882, 890–91 (9th Cir.2008).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.